IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS KARMATZIS,  #N87984, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-001021-JPG |
| | ) | |
| WARDEN GATES, | ) | |
| DR. SHAH, | ) | |
| A. RECTOR, | ) | |
| C. BROWN, | ) | |
| K. DEEN,  and | ) | |
| SANDRA FUNK, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Thomas Karmatzis, an inmate in Pinckneyville Correctional Center, brings this

action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on a

variety of allegedly retaliatory actions taken against him, the denial of proper medical care, and

failure to accommodate his disabilities.

This case is now before the Court for a preliminary review of the complaint pursuant to

28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which
> a prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be
>> granted; or
>> (2) seeks monetary relief from a defendant who is immune from such
>> relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility.  *Id*. at 557.   Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff has two pending, interrelated cases regarding his medical care and retaliatory acts by prison officials: *Karmatzis v. Godinez*, Case No. 11-cv-3373-SEM-BGC (C.D. Ill. filed Oct. 4, 2011); and *Karmatzis v. Baker*, Case No. 13-cv-3121-SEM-BGC (C.D. Ill. filed April. 29, 2013).  He has now filed this third case, advancing his theory that prison officials are retaliating against him for grievances and litigation.

According to the complaint, on June 14, 2013, Defendant Transfer Coordinator Sandra Funk transferred Plaintiff from Graham Correctional Center to Pinckneyville Correctional Center in retaliation for Plaintiff having filed the two civil rights actions mentioned above.

Defendant Dr. Shah, a physician at Pinckneyville, had previously worked at Western Illinois Correctional Center and had some involvement in Case No. 11-cv-3373-SEM-BGC. Upon Plaintiff's arrival at Pinckneyville, Dr. Shah denied Plaintiff a low bunk/low gallery permit and treatment and medication for Plaintiff's orthopedic and gastrointestinal ailments (*see* Doc. 1-2, pp. 10-12).  Plaintiff asserts that Dr. Shah acted with deliberate indifference and in retaliation for past grievances and litigation.

On July 8, 2013, Plaintiff again sought medical care and Defendants Dr. Shah and Nurse Practitioner A. Rector again refused treatment and medication for Plaintiff's chronic pain, gastrointestinal and urinary track issues.

On July 29, 2013, Plaintiff sought care from Dr. Shah for pain and muscle spasms, but he was again denied treatment.  Dr. Shah acknowledged that he remembered "everything" from Western Correctional Center—which Plaintiff perceives to confirm that Dr. Shah acted with deliberate indifference and a retaliatory motive.

On August 14, 2013, Dr. Shah and Nurse Practitioner Rector again denied Plaintiff treatment and medication, as well as the use of a shower chair.  Plaintiff again cites deliberate indifference and retaliation.  He further contends that the denial of a shower chair was a violation of the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq*.

Defendants Grievance Officer K. Deen and Healthcare Administrator C. Brown and Warden Gates allegedly "supported" Dr. Shah and Nurse Practitioner Rector's deliberate indifference and retaliation—apparently by and through their involvement in the grievance

process, which resulted in the denial of Plaintiff's grievances regarding his treatment at Pinckneyville (*see* Doc. 1-2, pp. 3-9, 15-23).

Plaintiff seeks monetary damages and affirmative injunctive relief in the form of proper medical treatment.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into four counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.   The designation of these counts does not constitute an opinion as to their merit.

**Count 1:  Defendant Transfer Coordinator Sandra Funk transferred Plaintiff from Graham Correctional Center to Pinckneyville Correctional Center in retaliation for Plaintiff's grievance and litigation activity, in violation of the First Amendment;**

**Count 2:  On multiple occasions, Dr. Shah and Nurse Practitioner A. Rector, motivated by deliberate indifference and retaliation for litigation and grievances filed by Plaintiff, failed to treat Plaintiff's serious medical needs, in violation of the Eighth and First Amendments;**

**Count 3:  On August 14, 2013, Dr. Shah and Nurse Practitioner A. Rector denied Plaintiff a shower chair, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq*., and Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*.; and**

**Count 4:  Grievance Officer K. Deen, Healthcare Administrator C. Brown and Warden Gates, by and through their involvement in the grievance process, allegedly "supported" Dr. Shah and Nurse Practitioner Rector's retaliation and deliberate indifference in violation of the First and Eighth Amendments.**

**Discussion**

## Count 1

Plaintiff had no constitutional right not to be transferred between prisons, provided the transfer did not impose an atypical hardship compared to the incidents of ordinary prison life. *Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008); *Sandin v. Conner*, 515 U.S. 472 (1995). However, under the First Amendment "an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987); *see also Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).   To prevail on a First Amendment retaliation claim, a plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the [Defendant's] decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)).

The allegations regarding Transfer Coordinator Sandra Funk state a colorable First Amendment claim for a retaliatory transfer.  Therefore, Count 1 shall proceed against Defendant Funk.

## Count 2

Count 2 alleges that Dr. Shah and Nurse Practitioner A. Rector, motivated by deliberate indifference and retaliation for litigation and grievances filed by Plaintiff, failed to treat Plaintiff's serious medical needs, in violation of the Eighth and First Amendments.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th

Cir. 2010). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

Again, under the First Amendment, "an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987); *see also Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).

The allegations in Count 2 are sufficient foundation for Eighth and First Amendment claims.

**Count 3**

Count 3 is premised upon the allegation that Dr. Shah and Nurse Practitioner A. Rector denied Plaintiff a shower chair, thereby violating the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12101 *et seq*. In *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012), the Court of Appeals instructs that claims on account of disability, particularly claims by *pro se* litigants, should *sua sponte* be analyzed under both the ADA and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. Accordingly, the Court has added a Rehabilitation Act claim to Count 3.

The Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*., and the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq*., both prohibit discrimination against qualified individuals based on their physical or mental disability. The Rehabilitation Act permits suit against Defendants in their official capacities—in effect suing Illinois—for monetary

damages, and the potential relief under the ADA is the same.  *See Jaros v. Illinois Dept. of Corrections*, 684 F.3f 667, 672 (7th Cir. 2012).

Count 3 of the complaint states colorable claims under the ADA and Rehabilitation Act.

**Count 4**

Count 4 is premised upon allegations that Grievance Officer K. Deen, Healthcare Administrator C. Brown and Warden Gates "supported" Dr. Shah and Nurse Practitioner Rector's retaliation and deliberate indifference, thereby violating the First and Eighth Amendments themselves.

Merely ruling against a prisoner's grievance does not cause or contribute to the underlying constitutional violation.  *See George v. Smith*, 506 F.3d 605, 609-10 (7th Cir. 2007). Furthermore, prison officials without medical expertise are entitled to rely upon medical staff to provide good medical care.  *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).  Insofar as Defendant Brown, as Healthcare Administrator, may have medical expertise or some role in Plaintiff's medical care, a review of the documentation submitted in support of the complaint reveals that Brown's role in the grievance process was in providing information requested in connection with the review of Plaintiff's grievances, which is not enough to support a First or Eighth Amendment claim.

For these reasons, Count 4 will be dismissed with prejudice.

**Severance**

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607,

(citing 28 U.S.C. § 1915(b), (g)). Plaintiff's complaint contains unrelated claims against different defendants. The only similarity or link between the retaliation claim in Count 1 against Transfer Coordinator Funk, and the medical care and retaliation claims in Count 2 against Dr. Shah and Nurse Practitioner Rector, and the ADA and Rehabilitation Act claims against Dr. Shah and Nurse Practitioner Rector in Count 3, is the allegation of retaliation—a legal theory. Count 1 is otherwise unrelated to Counts 2 and 3. Counts 2 and 3 are against the same defendants and both will require delving into the proper treatment for Plaintiff's medical needs, so they can be prosecuted together in a single action.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, Count 1 shall proceed in this case, and the Court shall sever Counts 2 and 3 of the complaint, and shall open a new case with a newly-assigned case number for those claims. However, Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on those claims or incur the additional filing fee.

### Pending Motions

### Joinder

Within the complaint there is a motion to join this action with the other two actions Plaintiff has pending in the Central District of Illinois.

A plaintiff may join two or more defendants in a single action under Federal Rule of Civil Procedure 20 if two independent requirements are satisfied: (1) the claims against the defendants must be asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there must be a "question of law or fact common to all defendants." *See* Fed.R.Civ.P. 20(a)(2). The purpose of the rule is "to promote trial convenience

and to expedite the resolution of disputes, thereby preventing multiple lawsuits," 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure* § 1652.

Putting aside venue considerations, Plaintiff cannot satisfy Rule 20(a)(2), particularly not now that this action presents only the retaliatory transfer claim.  These cases pertain to different defendants, different incidents and different prisons.  Section 1983 is premised upon individual liability, so the fact that Plaintiff is advancing similar theories regarding retaliation is an insufficient basis for transfer and joinder.  Also, these three cases are at very different stages. Therefore, Plaintiff's motion for joinder (Doc. 1-1) is denied.

## Pauper Status

Also before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be decided by separate order, now that Plaintiff's trust fund account has been received.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion for joinder (Doc. 1-1) is **DENIED**.

**IT IS FURTHER ORDERED** that **COUNT 4** against Defendants **K. DEEN**, **C. BROWN** and **WARDEN GATES is DISMISSED** with prejudice; accordingly, **K. DEEN**, **C. BROWN** and **WARDEN GATES** are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that **COUNTS 2 and 3** against **DR. SHAH** and **A. RECTOR** are **SEVERED** into a new case.  That new case presents the following claims:

> **Count 2:  On multiple occasions, Dr. Shah and Nurse Practitioner A. Rector, motivated by deliberate indifference and retaliation for litigation and grievances filed by Plaintiff, failed to treat Plaintiff's serious medical needs, in violation of the Eighth and First Amendments; and**

> **Count 3:   On August 14, 2013, Dr. Shah and Nurse Practitioner A. Rector denied Plaintiff a shower chair, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq.*, and Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.***

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings.  In the new case, the Clerk is **DIRECTED** to file the following documents:

    (1)     This Memorandum and Order;
    (2)     The Original Complaint (Doc. 1);
    (3)     Plaintiff's motion to proceed *in forma pauperis* (Doc. 2); and
    (4)     Plaintiff's Trust Fund Account Statement (Doc. 6)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing on or before November 29, 2013. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, **he will be responsible for an additional $400.00 filing fee** in the new case ($350.00 if he is granted pauper status).  Service shall not be ordered on Defendants Shah and Rector in the new case until after the deadline for Plaintiff's response.

**IT IS FURTHER ORDERED** that <u>the only claim remaining in this action is COUNT 1 against Defendant SANDRA FUNK.</u>

Although Plaintiff's motion for leave to proceed *in forma pauperis* is pending, a review of his Trust Fund Account Statement reveals that at this juncture he cannot afford to pay for service of process.  Therefore, pursuant to 28 U.S.C. § 1915(d), service of process shall be made at government expense.  The Clerk of Court shall prepare for Defendant Funk:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk

within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Funk is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that, at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

Finally, the Clerk of Court is **DIRECTED** to have the record reflect that Plaintiff's last name is spelled "Karmatzis.

**IT IS SO ORDERED.**

**DATED:  October 30, 2013**

*s/J. Phil Gilbert*
**United States District Judge**