IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS KARMARTZIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. **3:13-cv-01021-JPG-PMF** |
| | ) |
| SANDRA FUNK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the court are Plaintiff Thomas Karmartzis' (Doc. 33) motion for any extraordinary remedies and for an injunction to be ordered, and the (Doc. 41) response thereto.[1] For the following reasons, it is recommended that Plaintiff's (Doc. 33) motion be denied.

**A. Background**

The court previously detailed the factual background of this case in its initial screening order (Doc. 7) as follows:

> Plaintiff has two pending, interrelated cases regarding his medical care and retaliatory acts by prison officials: *Karmatzis v. Godinez*, Case No. 11-cv-3373-SEM-BGC (C.D. Ill. filed Oct. 4, 2011); and *Karmatzis v. Baker*, Case No. 13-cv-3121-SEM-BGC (C.D. Ill. filed April. 29, 2013). He has now filed this third case, advancing his theory that prison officials are retaliating against him for grievances and litigation.
> According to the complaint, on June 14, 2013, Defendant Transfer Coordinator Sandra Funk transferred Plaintiff from Graham Correctional Center to Pinckneyville Correctional Center in retaliation for Plaintiff having filed the two civil rights actions mentioned above.
> Defendant Dr. Shah, a physician at Pinckneyville, had previously worked at Western Illinois Correctional Center and had some involvement in Case No. 11-cv-3373-SEM-BGC. Upon Plaintiff's arrival at Pinckneyville, Dr. Shah denied

---

[1] Plaintiff's reply briefs were not considered because there were no exceptional circumstances present compelling their consideration. See SDIL-LR 7.1(g).

1

> Plaintiff a low bunk/low gallery permit and treatment and medication for Plaintiff's orthopedic and gastrointestinal ailments (*see* Doc. 1-2, pp. 10-12). Plaintiff asserts that Dr. Shah acted with deliberate indifference and in retaliation for past grievances and litigation.
> 
> On July 8, 2013, Plaintiff again sought medical care and Defendants Dr. Shah and Nurse Practitioner A. Rector again refused treatment and medication for Plaintiff's chronic pain, gastrointestinal and urinary track issues.
> 
> On July 29, 2013, Plaintiff sought care from Dr. Shah for pain and muscle spasms, but he was again denied treatment. Dr. Shah acknowledged that he remembered "everything" from Western Correctional Center—which Plaintiff perceives to confirm that Dr. Shah acted with deliberate indifference and a retaliatory motive.
> 
> On August 14, 2013, Dr. Shah and Nurse Practitioner Rector again denied Plaintiff treatment and medication, as well as the use of a shower chair. Plaintiff again cites deliberate indifference and retaliation. He further contends that the denial of a shower chair was a violation of the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq*.
> 
> Defendants Grievance Officer K. Deen and Healthcare Administrator C. Brown and Warden Gates allegedly "supported" Dr. Shah and Nurse Practitioner Rector's deliberate indifference and retaliation—apparently by and through their involvement in the grievance process, which resulted in the denial of Plaintiff's grievances regarding his treatment at Pinckneyville (*see* Doc. 1-2, pp. 3-9, 15-23).. …

Doc. 7 pp. 2-4. The court than divided the allegations of the complaint into four counts as follows:

> Count 1: Defendant Transfer Coordinator Sandra Funk transferred Plaintiff from Graham Correctional Center to Pinckneyville Correctional Center in retaliation for Plaintiff's grievance and litigation activity, in violation of the First Amendment;
> 
> Count 2: On multiple occasions, Dr. Shah and Nurse Practitioner A. Rector, motivated by deliberate indifference and retaliation for litigation and grievances filed by Plaintiff, failed to treat Plaintiff's serious medical needs, in violation of the Eighth and First Amendments;
> 
> Count 3: On August 14, 2013, Dr. Shah and Nurse Practitioner A. Rector denied Plaintiff a shower chair, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 et seq., and Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*.; and
> 
> Count 4: Grievance Officer K. Deen, Healthcare Administrator C. Brown and Warden Gates, by and through their involvement in the grievance process,

>allegedly "supported" Dr. Shah and Nurse Practitioner Rector's retaliation and deliberate indifference in violation of the First and Eighth Amendments.

*Id*. at 4. After review pursuant to 28 U.S.C. § 1915A, the court dismissed Count 4 and severed Counts 2-3 into a new case. Accordingly, all that remains in this case is Count 1; retaliatory transfer against Defendant Sandra Funk.

### B. Motion for Preliminary Injunctive Relief

Plaintiff has now filed a request for an injunction (Doc. 33). Plaintiff's motion outlines what he believes to be ongoing retaliation by medical staff at Pinckneyville. He requests that the court order a transfer to another prison facility in the Illinois Department of Corrections ("IDOC") system so that he will "be able to receive the proper medications and treatment" for his serious medical conditions. *See* Doc. 33 p. 13.

"The purpose of preliminary injunctive relief is 'to minimize the hardship to the parties pending the ultimate resolution of the lawsuit.' " *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998) (quoting *Faheem–El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988)). "In this circuit, the standards for a TRO and a preliminary injunction are functionally identical." *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1082-83 (C.D. Ill. 2001) (citation omitted). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004) (citing *Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1067 (7th Cir.1994)). "If the movant can

meet this threshold burden, then the inquiry becomes a sliding scale analysis where these factors are weighed against one another." *Id*. (citations and internal quotations omitted).

With respect to preliminary injunctive relief regarding prison conditions, federal statutory law provides that such relief must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, the court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief …" *Id*.

Plaintiff's request for injunctive relief should be denied because he cannot demonstrate any likelihood of success on the merits. Most importantly, Plaintiff does not identify any ongoing retaliation by the single defendant in this case, Sandra Funk. Funk is employed by the IDOC as a transfer coordinator. However, Plaintiff's (Doc. 33) motion only concerns the medical staff at Pinckneyville. Furthermore, Plaintiff's request for a transfer out of Pinckneyville is likely well beyond the scope of what the court can order in any narrowly-tailored preliminary injunction. *See* 18 U.S.C. § 3626. *See also Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) ("[T]he PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.' [*Hewitt v. Helms*, 459 U.S. 460, 467, 103 S. Ct. 864, 869, 74 L. Ed. 2d 675 (1983)]). His request for injunctive relief should be denied. *See Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) ("A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.").

### C. Recommendation

For the forgoing reasons, it is recommended that Plaintiff's (Doc. 33) motion for any extraordinary remedies and for an injunction to be ordered be denied.

**SO RECOMMENDED.**

**DATED: May 23, 2014.**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**