IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS KARMARTZIS,

        Plaintiff,

vs.

SANDRA FUNK, *et al.*,

        Defendants.

Case No. 13-cv-1021-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 68) of Magistrate Judge Philip M. Frazier recommending this Court deny Karmartzis' motion for any extraordinary remedies and for an injunction (Doc. 33). Karmartzis filed an objection (Doc. 71) to the R & R. For the following reasons, the Court adopts the R & R and denies Karmartzis' motion.

**1. R & R Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because Karmartzis filed an objection to the R & R, the Court will undertake a *de novo* review.

## 2. Background

Karmartzis, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). In his complaint relevant to the instant case, Karmartzis alleges that Funk, an IDOC transfer coordinator, transferred him from Graham Correctional Center to Pinckneyville in retaliation for filing civil rights cases. After his transfer to Pinckneyville, Karmartzis requested another transfer that was denied. He alleges Funk was responsible for the denial of his transfer request, and her denial of his transfer request was motivated by his civil rights case filings. He now seeks injunctive relief. His motion only cites to ongoing retaliation by medical personnel at Pinckneyville. His objection to the R & R focuses on the alleged retaliation by Funk.

## 3. Analysis

A court may order injunctive relief in a civil action regarding prison conditions. 18 U.S.C. § 3626(a)(2).

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

*Id*. Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will suffer irreparable harm if the injunction is not granted. *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999). If the moving party is able to establish these three factors, the Court must then balance the harms to

both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public. *Id*. "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor." *Id*. "A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)); *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Magistrate Judge Frazier's R & R recommends that this Court deny Karmartzis' motion for injunctive relief because Karmartzis cannot demonstrate a likelihood of success on the merits and fails to identify any ongoing retaliation by Funk. Rather, Karmartzis' motion complains of the actions of medical staff. In his objection, Karmartzis alleges that the denial of his motion to transfer out of Pinckneyville is sufficient to show Funk's retaliatory motive.

First, the Court will consider whether Karmartzis has carried his burden in establishing he has some likelihood of success on the merits. A prison official violates a prisoner's constitutional rights if she takes an action in retaliation for the prisoner's exercise of a constitutionally protected right. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977)). While an inmate does not have a due process interest in a transfer, he "does have a constitutional interest or expectation in not being punished for the exercise of activity protected under the constitution." *McCalvin v. Fairman*, 603 F. Supp. 342, 346 (C.D. Ill 1985). To succeed on a retaliation claim, a plaintiff "must establish that (1) [he] engaged in activity protected by the First Amendment, (2) [he] suffered a deprivation that would likely deter First Amendment activity in the future, and (3)

the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take retaliatory action." *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008); *see also Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).

Here, there is no dispute that Karmartzis' previous filing of civil rights cases is a protected activity. Also, for the purposes of this order the Court will assume a transfer would deter an inmate from filing future civil rights cases. Karmartzis, however, has failed to carry his burden in showing his civil rights cases were at least a motivating factor behind his transfer or the denial of his transfer request. First, he has provided no evidence that Funk was responsible for denying his transfer request. Even if she was responsible, Karmartzis has provided nothing more than his own assertion that Kamartzis' civil rights cases were at least a motivating factor in Funk's decision to transfer him to Pinckneyville or deny his subsequent transfer request. Thus, Karmartzis has not established that he is likely to succeed in showing Funk took or is taking actions in retaliation for filing previous civil rights cases. As such, Karmartzis has failed to carry his burden in showing he has a likelihood of success on the merits and is not entitled to injunctive relief.

4. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Doc. 68) and **DENIES** Karmartzis' motion for injunctive relief (Doc. 33).

**IT IS SO ORDERED.**

**DATED:** July 15, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

4