IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS KARMATZIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-01021-JPG-PMF |
| | ) |
| SANDRA FUNK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 81) of Magistrate Judge Philip M. Frazier recommending that this Court deny Plaintiff, Thomas Karmatzis', Motion for Relief by Any Extraordinary Remedies (Doc. 72).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because Plaintiff has filed an objection to a portion of the R & R, the Court will review that portion *de novo* and the unobjected portions for clear error.

The Plaintiff filed Objections to the R & R (Doc. 84), stating he has exhausted his Administrative Remedies and has submitted grievances with regard to his medical issues. A party must raise *specific* objections to the report and recommendation. Fed. R. Civ. P. 72(b). However, the party need only specify the issues for which review is sought, not the factual or

legal basis of his objection. *Johnson*, 170 F.3d at 741. Nevertheless, a general objection to the magistrate judge's decision, without more, does not satisfy this standard. *Id.* (citing *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991) (finding insufficient an objection stating "[p]laintiff now specifically objects to the determination of the Magistrate denying Plaintiff's request for relief").

Upon *de novo* review, Plaintiff's Objection (Doc. 84) stating that he has exhausted his administrative remedies does not address the central issues in the R & R that this matter is limited to the claim that Transfer Coordinator Sandra Funk retaliated against the Plaintiff and that medical care issues are to be addressed in Plaintiff's other pending cases. It is further noted that Memorandum attached to Plaintiff's Objections relates to matter 13-cv-1120 and does not demonstrate that Plaintiff has exhausted his administrative remedies within this matter.

The Court has reviewed the remaining unobjected portion for the R & R and finds that those portions are not clearly erroneous.

According, the Court **ADOPTS** the Report & Recommendation (Doc. 81) in its entirety and **DENIES** Plaintiff's Motion for Relief by Any Extraordinary Remedies (Doc. 72).

**IT IS SO ORDERED.**

**DATED:**  9/23/2014

                                             s/J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **United States District Judge**