IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS KARMATZIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-01021-JPG-PMF |
| | ) |
| WARDEN GATES, *et. al.,* | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 91) of Magistrate Judge Philip M. Frazier concerning Defendant Sandra Funk's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 86). Plaintiff filed a timely Objection to the R & R (Doc. 92).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because Plaintiff has filed an objection to a portion of the R & R, the Court will review that portion *de novo* and the unobjected portions for clear error.

The Plaintiff filed Objections to the R & R (Doc. 92), stating that, "During the times requesting for a preliminary injunction to be ordered, the grievance process was completed." As such, he admits that he failed to exhaust his administrative remedies *prior* to filing this suit;

however, he argues that *Jackson v. District of Columbia*, 254 F.3d 262 (D.C. Cir. 2001) states that, "[T]he court can only protect prisoners with a preliminary injunction while the court waits for them to exhaust grievance procedures…" (Doc. 92).

There are several flaws to Plaintiff's argument. First, a preliminary injunction is not at issue in the R & R as Plaintiff's Motion for Injunctive Relief (Doc. 33) has previously been denied (Doc. 76). Second, the United States Court of Appeals, District of Columbia Circuit is not controlling precedence for this Court. Third and final, the *Jackson* Court held that prisoners had to exhaust administrative remedies *before* an action may be brought except that the district courts retained jurisdiction to grant interim injunctive relief where plaintiffs face irreparable injury. *Id*, at 268 - 269.

Therefore, the Court agrees with Magistrate Judge Frazier that the plaintiff failed to wait for the ARB's decision and as such, failed to exhaust his administrative remedies with regard to his transfer from Graham Correctional Center to Pinckneyville Correction Center.

The Court has reviewed the remaining unobjected portion for the R & R and finds that those portions are not clearly erroneous. According, the Court **ADOPTS** the Report & Recommendation (Doc. 91) in its entirety and **GRANTS** Defendant Sandra Funk's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 86). The Clerk of Court is directed to enter judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED:** 3/17/2015

                                *s/J. Phil Gilbert*
                                **J. PHIL GILBERT**
                                **DISTRICT JUDGE**